# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

———————————————

№ 14-CV-1561 (JFB)(AKT)

———————————————

## GARY F. BASTIEN,

Plaintiff,

VERSUS

## CHARLES E. SAMUELS, JR., ET AL.,

Defendants.

———————————————

**MEMORANDUM AND ORDER**
October 15, 2014

———————————————

JOSEPH F. BIANCO, District Judge:

On March 6, 2014, *pro se* plaintiff Gary F. Bastien ("plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against Charles E. Samuels, Jr., Ronnie Holt, Kim Strausser, Serena Gonzalez, Lloyd Bender, Mr. Bolcavage, Nassau County Correctional Facilities ("NCCF"), and Unicor (collectively, "defendants"). The gravamen of plaintiff's complaint is that he has suffered abuse during his incarceration at the Federal Prison Camp Canaan ("FPC Canaan") in Waymart, Pennsylvania.

Presently before the Court are NCCF's motion to dismiss and plaintiff's motions for "default summary judgment" and "summary judgment by default" in his favor against all defendants except NCCF. For the following reasons, the Court grants NCCF's motion and denies plaintiff's motions.

## I. BACKGROUND

### A. Facts

The following facts are taken from the complaint, and are not findings of fact by the Court. Instead, the Court will assume these facts to be true and, for purposes of the pending motion to dismiss, will construe them in a light most favorable to plaintiff, the non-moving party.

Plaintiff has been an inmate at FPC Canaan since September 1, 2010. (Compl., at 2, 5.) Within two weeks of his arrival, plaintiff alleges that he was subjected to physical and psychological abuse by prison officials. (*See id.* at 2.) In general, plaintiff alleges that he has been forced to work against his will, "treated cruelly and overworked as in a slave trading Plantation" for only twelve cents per hour. (*See id.* at 2–5.)

With respect to the NCCF, plaintiff alleges that he suffers "from a disorder cause [sic] by his incarceration in a violent environment and poor human condition in the Jail (Nassau County) where he was incarcerated during pre-trial." (*Id.* at 5 ¶ 7.) He further alleges that he was "suffering in that Jail," that he "wanted to get out," and that he was "never evaluated to determine how these facts may [have] interfered with his willingness and understanding of going on trial or plea." (*Id.* at 5 ¶ 8.)

## B. Procedural History

Plaintiff commenced this action on March 6, 2014. He filed motions to have counsel appointed and to proceed *in forma pauperis* on March 26, 2014. On April 10, 2014, the Court denied plaintiff's motion to have counsel appointed, granted plaintiff's motion to proceed *in forma pauperis*, and directed the Clerk of the Court to forward copies of plaintiff's summonses and complaint to the United States Marshal Service for the Eastern District of New York for service upon defendants. Summonses issued as to all defendants on April 23, 2014. Until September 18, 2014, however, only the NCCF had been served with the summons and complaint.

Plaintiff moved for the entry of default as to all defendants except the NCCF on June 24, 2014. The Clerk of the Court denied the request for a certificate of default on July 1, 2014. Nonetheless, on July 9, 2014, plaintiff filed the pending motion for "default summary judgment" against all defendants except the NCCF.

In the meantime, the NCCF filed the present motion to dismiss on June 17, 2014. Plaintiff filed his opposition on July 17, 2014, and the NCCF filed its reply on July 31, 2014.

Thereafter, counsel for Charles E. Samuels, Jr. ("Samuels") filed a notice of appearance on September 18, 2014. However, the docket does not indicate that either Samuels or any of the other individual defendants have been served with the summons and complaint. After counsel for Samuels filed a notice of appearance, plaintiff filed a renewed motion for "summary judgment by default" on September 23, 2014.

This matter is fully submitted, and the Court has fully considered the submissions of the parties.

## II. MOTION TO DISMISS

### A. Standard of Review

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth two principles for a district court to follow in deciding a motion to dismiss. 556 U.S. 662 (2009). First,

district courts must "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"Courts are obligated to construe the pleadings of a *pro se* plaintiff liberally." *McCluskey v. N.Y. State Unified Ct. Sys.*, No. 10-CV-2144 (JFB)(ETB), 2010 WL 2558624, at *2 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008); *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). However, a *pro se* plaintiff's complaint must still "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (summary order) (citing *Iqbal*, 556 U.S. at 678); *see also Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

## B. Discussion

As an initial matter, the Court construes plaintiff's claims against the NCCF as claims against the County of Nassau (the "County") because the NCCF is an administrative arm of the County and, therefore, lacks any independent legal identity apart from the County. *See, e.g.*, *Hawkins v. Nassau Cnty. Corr. Facility*, 781 F. Supp. 2d 107, 109 n.1 (E.D.N.Y. 2011) (construing claim against NCCF as one "lodged against the County of Nassau").

Next, the Court considers the County's argument that plaintiff's Section 1983 claims against the County are time-barred.

The County contends that plaintiff's claims against it are untimely because, according to the complaint itself, plaintiff was last incarcerated in the NCCF on September 1, 2010; the statute of limitations for a Section 1983 claim is three years; and plaintiff did not commence this action until March 6, 2014. (*See* County Mem., at 5–6.) In his opposition, plaintiff concedes that his claims against the County are untimely but argues that his imprisonment tolls the applicable statute of limitations. (*See* Pl.'s Opp'n, at 1–2.) For the following reasons, the Court concludes that plaintiff's Section 1983 claims against the County are dismissed as time-barred.

There exists no federal statute of limitations for Section 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985), *superseded by statute on other grounds as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377–81 (2004). "[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249–50 (1989). In New York, Section 214 of the New York Civil Practice Law and Rules sets forth a three year statute of limitations for actions "to recover upon a liability, penalty or forfeiture created or imposed by statute." N.Y. C.P.L.R. § 214(2). New York law also determines "whether the limitations period has been tolled, unless state tolling rules would 'defeat the goals' of section 1983." *Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007) (citing *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir. 2002)). Federal law determines when such claims accrue, and the Second Circuit has held that accrual of a Section 1983 claim occurs when the plaintiff "knows or has reason to know of the injury which is the basis of his action." *Singleton v. City of New York*, 632 F.2d 185, 191 (2d

Cir. 1980); *see also Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) ("A Section 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of the harm." (internal citation and quotation marks omitted)).

Although the statute of limitations is an affirmative defense, it "may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1998) (citing, *inter alia*, *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989)).

Here, it is clear from the face of the complaint that plaintiff's claims against the County, which are based on allegedly inadequate medical care at the NCCF, are untimely. Plaintiff's claim for inadequate medical care at the NCCF accrued while he was in NCCF's custody. *Cf. Keitt v. New York City*, 882 F. Supp. 2d 412, 442 (S.D.N.Y. 2011) ("Keitt therefore knew or should have known of any failure to accommodate his disability with respect to his first period of DOCS incarceration not later than September 10, 2003, when he was released from DOCS custody, and his claims under Sections 1983, 1985 or 1986 therefore accrued not later than that date."). However, the complaint itself indicates that plaintiff was last incarcerated in the NCCF on or before September 1, 2010, which was the date he was transferred to FPC Canaan. (*See* Compl., at 2, 5 ¶¶ 7, 11.) Because plaintiff filed the complaint in this action on March 6, 2014—more than three years after he was transferred out of the NCCF—his claims against the County are untimely. Indeed, the Court notes that plaintiff concedes in his opposition that his claims against the County are untimely.

Moreover, plaintiff's tolling argument is unavailing. Contrary to plaintiff's position, "[w]hile New York has codified a number of statutory tolling provisions, imprisonment does not itself act as a toll for prisoners bringing § 1983 claims." *Venticinque v. Brown*, No. 09-CV-2861 (DLI)(MDG), 2010 WL 1486449, at *2 (E.D.N.Y. Apr. 14, 2010); *see, e.g.*, *Jennings v. Municipality of Suffolk Cnty.*, No. 11-CV-00911 (JFB)(ARL), 2013 WL 587892, at *8 (E.D.N.Y. Feb. 13, 2013) ("'New York does not toll the limitations period for most prisoners' lawsuits . . . [n]or is the statute of limitations tolled [simply] because plaintiff is a *pro se* litigant.'" (quoting *Fairley v. Collins*, No. 09-CV-6894 (PGG), 2011 WL 1002422, at *5 (S.D.N.Y. Mar. 15, 2011)) (ellipses and brackets in original)); *Pinaud v. Cnty. of Suffolk*, 798 F. Supp. 913, 922 (E.D.N.Y. 1992) (noting that, under New York law, "imprisonment does not act as a toll" (citing N.Y. Civil Rights Law § 79(2))); *Robertson v. Finnegan*, No. 86-CV-6492 (MJL), 1989 WL 58023, at *3 (S.D.N.Y. May 23, 1989) ("The New York legislature long ago repealed the tolling provision for prisoners, notwithstanding the substantial logistical difficulties they continue to face in prosecuting lawsuits from jail cells."); *Olsen v. Newsday, Inc.*, No. 87-CV-2283, 1988 WL 69866, at *1 (E.D.N.Y. June 6, 1988) ("Since § 208 of the New York Civil Practice Law and Rules and §§ 79 and 79a of the New York Civil Rights Law were amended in 1973, prisoners in New York state have not been under a disability from filing lawsuits.").

The decisions to which plaintiff cites are entirely distinguishable because they do not involve the application of New York law. In *Vaughan v. Grijalva*, the Ninth Circuit applied Arizona's two-year statute of limitation and its rule that "imprisonment was a statutory disability that automatically tolled the two-year limitation period until

the prisoner's release." 927 F.2d 476, 479 (9th Cir. 1991). *Martinez v. Gomez* concerned the application of a California law "which tolls the statute of limitations for persons 'in execution under the sentence of a criminal court for a term less than for life.'" 137 F.3d 1124, 1125 (9th Cir. 1998) (per curiam) (quoting Cal. Civ. Proc. Code § 352(a)(3)). Neither Arizona nor California law applies here.

In addition to the argument raised by plaintiff, the Court discerns no other basis to toll the statute of limitations in this case. Accordingly, the Court grants the County's motion to dismiss.

## C. Leave to Amend

Having concluded that plaintiff has failed to state a plausible claim under Section 1983 against the County, the Court has considered whether he should be afforded an opportunity to amend his complaint. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that, where plaintiff proceeds *pro se*, "the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated" (internal citations and quotation marks omitted)). Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Burch v. Pioneer Credit*

*Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

Here, plaintiff's claims against the County are untimely. Better pleading would not cure this defect in these claims, and leave to amend is therefore denied. *See, e.g.*, *Cuoco*, 222 F.3d at 112 (holding that leave to amend should be denied where "better pleading will not cure" the defects in a plaintiff's complaint); *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000) ("Amendment would likely be futile if, for example, the claims the plaintiff sought to add would be barred by the applicable statute of limitations."); *Bridgeforth v. U.S. Navy Recruitment Office*, No. 11-CV-431 (TJM/RFT), 2011 WL 5881778, at *2 (N.D.N.Y. Nov. 23, 2011) ("Amendment would be futile here because Plaintiff's claims arise from events, which he was aware of, that occurred more than three years before he commenced this Section 1983 action. Thus, his claims are time barred, and amendment would be futile because repleading would not cure the timeliness deficiency." (internal citation omitted)); *Vargas v. Ciarletta*, No. 09-CV-8981 (SAS)(TH), 2010 WL 4447636, at *1 (S.D.N.Y. Nov. 4, 2010) ("[I]f the claims the plaintiff seeks to add would be barred by the applicable statute of limitations, amendment would be futile and leave to amend should be denied.").

## III. MOTIONS FOR DEFAULT JUDGMENT

The Court also considers plaintiff's motions for "default summary judgment" and "summary judgment by default" premised upon the failure of all defendants except NCCF to respond to the complaint. As noted *supra*, no individual defendants except Samuels have been served with the summons and complaint, and counsel for Samuels only filed his notice of appearance on September 18, 2014 (although the docket

does not reflect that Samuels was ever served with the summons and complaint). Accordingly, the Clerk of the Court denied plaintiff's request for a certificate of default on July 1, 2014.

The Court denies plaintiff's motions for a default judgment because plaintiff has not obtained an entry of default. *See Tarbell v. Jacobs*, 856 F. Supp. 101, 104 (N.D.N.Y. 1994) ("Prior to the issuance of a default judgment under Rule 55(b), there must be an entry of default pursuant to Rule 55(a)."); *Grant v. City of New York*, 145 F.R.D. 325, 327 (S.D.N.Y. 1992) (noting that "entry of default is an essential prerequisite for a default judgment"); *see also Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("The procedural steps contemplated by the Federal Rules of Civil Procedure following a defendant's failure to plead or defend as required by the Rules begin with the entry of a default by the clerk upon a plaintiff's request."). Pursuant to Local Civil Rule 55.2(b), courts in this district have denied a motion for default judgment based upon the failure of the movant to submit a copy of the Clerk's certificate of default. *See, e.g.*, *Apex Mar. Co. v. Furniture, Inc.*, No. 11-CV-5365 (ENV)(RER), 2012 WL 1901266, at *1 (E.D.N.Y. May 18, 2012) (denying motion for default judgment for failure to submit copy of Clerk's certificate of default); *Evseroff v. I.R.S.*, 190 F.R.D. 307, 308 (E.D.N.Y. 1999) (same). Of course, in this case, plaintiff cannot comply with that requirement because the Clerk of the Court denied his request for a certificate of default.

The Court also notes that plaintiff is not entitled to default judgment against all defendants except NCCF, because the docket does not reflect that any of those defendants have ever been served with the summons and complaint. *See, e.g.*, *Forjone v. Leavitt*, No. 05-CV-395A, 2008 WL 1926680, at *6 (W.D.N.Y. Apr. 30, 2008)

(recommending denial of motion for default judgment because defendant had not yet been served), *report & recommendation adopted*, 2008 WL 2169656, at *6 (W.D.N.Y. May 22, 2008); *Wagner v. Ashcroft*, 214 F.R.D. 78, 81 (N.D.N.Y. 2003) (denying motion for default judgment against defendants not yet served). Thus, plaintiff's motions for default judgment are premature and must be denied at this juncture.

## IV. CONCLUSION

For the reasons set forth herein, the Court grants the County's motion to dismiss and denies plaintiff's motions for default judgment.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: October 15, 2014
Central Islip, NY

*        *        *

Plaintiff proceeds *pro se*. The County is represented by Carnell T. Foskey, Nassau County Attorney, One West Street, Mineola, New York, 11501, by Liora M. Ben-Sorek, Deputy County Attorney.