GARY F. BASTIEN,

Plaintiff,

VERSUS

CHARLES E. SAMUELS, JR., ET AL.,

Defendants.

———————————

**MEMORANDUM AND ORDER**
August 21, 2015

———————————

JOSEPH F. BIANCO, District Judge:

On March 6, 2014, *pro se* plaintiff Gary F. Bastien ("plaintiff") filed a civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA") [1] against Charles E. Samuels, Jr., Ronnie Holt, Kim Strausser, Serena Gonzalez, Lloyd Bender, Mr. Bolcavage, and Unicor (collectively, "defendants"). [2] The gravamen of the plaintiff's complaint is that he suffered abuse during his incarceration at the Federal Prison

---

[1] According to his complaint, plaintiff brings this action for violations of the "8th Amendment of the Constitution (Cruel & Unusual Punishment)" and "Federal Tort Claim Act Violation (42 U.S.C. § 1983)." (Compl. at 1.) Specifically, plaintiff states that he is bringing a claim for damages under the "Federal Human Rights Law" because he "did not receive mental health treatment as Court Ordered, Threats, assault & force to labor with no pay and excessive days and hours in camp & penitentiary duties, forced to work in penitentiary without protective or safety garments in an unwarned safety hazards obtain [sic] body pain and flash back." (*Id.* at 6.) Plaintiff's intent to bring a claim under the FTCA, 28 U.S.C. §§ 1346(b), 2671-80, is clear; given that defendants federal employees or entities (Unicor, also known as Federal Prison Industries, is a wholly owned United States government corporation), and plaintiff cites a provision of the Constitution and the FTCA in his complaint, the Court will construe plaintiff as also bringing a claim for damages under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), as well as the FTCA. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because AAFES is a federal agency and because the individual defendants are federal officers, the district court construed [plaintiff's] section 1983 claims as *Bivens* claims.")

[2] On October 15, 2014, the Court dismissed Plaintiff's claim against the Nassau County Correctional Facility ("NCCF") in this action as untimely. *See Bastien v. Samuels*, No. 14-CV-1561 (JFK)(AKT), 2014 WL 5306016 (E.D.N.Y. Oct. 15., 2014).

Camp Canaan ("FPC Canaan") in Waymart, Pennsylvania.

Defendants now move to dismiss plaintiff's claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) because sovereign immunity shields federal agencies and employees in their official capacity from suit under *Bivens*, and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) because: (1) plaintiff fails to plead that he exhausted his administrative remedies under the FTCA; [3] (2) plaintiff fails to allege personal involvement in the purported violations by most of the individual defendants; and (3) plaintiff's remaining claims are time-barred. [4] For the reasons discussed below, the defendants' motion is granted, and the case is dismissed.

I. BACKGROUND

A. Facts

The following facts are taken from the complaint and, where appropriate to supplement the background of plaintiff's claim, from the sworn declarations submitted by defendants, and are not findings of fact by the Court. Instead, the Court will assume the facts to be true and, for purposes of the pending motion to dismiss, will construe them in a light most favorable to the plaintiff, the non-moving party.

Plaintiff was an inmate at FPC Canaan from approximately September 1, 2010 through his release on April 2, 2013. (Compl. at 2, 5; FiggsGanter Decl., ECF No. 48-3, ¶ 3.) Plaintiff alleges that sometime during the first two weeks of October 2010, Bender "grab[bed] [plaintiff's] arm with force" during a confrontation over plaintiff's wearing a "do-rag" such that Bender "pull[ed] [plaintiff's] arm [out] of the socket of his shoulder (left side)." (Compl. at 2.) Plaintiff further alleges that, during the Orientation class that he attended within six weeks of his arrival, plaintiff alleges that prison officials subjected him to "Psychological and Physical Coercion" in order to force him to work in "Penitentiary and Camp duties." (*See id.* at 2-3.) In general, plaintiff alleges that he subsequently was forced to work against his will on the camp maintenance crew and "inside the Penitentiary in Unicor a public trade [sic] company," and "treated cruelly and overworked as in a slave plantation" for only twelve cents per hour. (*See id.* at 2-5.) Plaintiff alleges that FPC Canaan officials forced him and other inmates to clean a kitchen "contaminated . . . from bacteria," putting them at risk of illness from salmonella. (*Id.* at 4.) Plaintiff also alleges that he was "Court Ordered to receive Mental

---

[3] As a threshold matter, though defendants raise this issue under Rule 12(b)(1), the Supreme Court recently held in *United States v. Wong*, 135 S. Ct. 1625, 1638 (2015), that the FTCA's time bar is nonjurisdictional (and subject to equitable tolling). Therefore, this issue cannot be decided under Rule 12(b)(1), but rather must be considered under Rule 12(b)(6). *See, e.g.*, *Torres v. United States*, --- F. Appx. ----, No. 14-3880, 2015 WL 2190966, at *2 (2d Cir. May 12, 2015) ("[A]lthough the district court was correct that the statute of limitations bars Torres's FTCA claim, that conclusion requires a dismissal on substantive, not jurisdictional, grounds."); *Marcus v. U.S. Postal Service*, No. 14-CV-330 (JFB)(SIL), 2015 WL 2389955, at *1 (E.D.N.Y. May 20, 2015) (same).

[4] Defendants also argue, *inter alia*, that, with respect to his *Bivens* claim, plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and that the individually named prison officials are shielded by qualified immunity. Such issues are moot in light of the Court's ruling that plaintiff has failed to state a plausible claim under *Bivens* or otherwise inappropriate for resolution at this stage, and, thus, the Court does not address them.

Treatment" but did not receive such treatment while at FPC Canaan." (*Id.* at 3.)

Plaintiff alleges in his complaint, without further detail, that he has "file [sic] Petition to middle district court and circuit and [sic] has evaded/ignored the matter at hand." (*Id.* at 5.) Plaintiff does not allege that he filed any administrative complaints with the prison as to any of the violations he alleges in his complaint.[5]

### B. Procedural History

Plaintiff commenced this action on March 6, 2014. On June 17, 2014, the NCCF filed a motion to dismiss the claims against it. On June 9, 2014, and September 23, 2014, plaintiff filed motions for summary and default judgment. On October 15, 2014, the court granted the NCCF's motion to dismiss and denied plaintiff's motions. The remaining defendants moved to dismiss on January 9, 2015. Plaintiff's opposition was due on February 10, 2015, per the Court's scheduling order issued December 17, 2014 (ECF No. 47). Plaintiff did not timely file any opposition to the motion. On February 23, 2015, the defendants filed a letter to plaintiff concerning his lack of a response to the defendants' motion to dismiss. On March 11, 2015, defendants filed a letter requesting the Court consider their motion to dismiss plaintiff's case as unopposed. Plaintiff has not responded to these letters and did not submit an opposition to defendants' motion.

The Court has fully considered the parties' submissions.

### II. MOTION TO DISMISS

#### A. Standard of Review, Rule 12(b)(1)

When a court reviews a motion to dismiss for lack of subject matter jurisdiction, it "must accept as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favourable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). Also, "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

It is axiomatic that "[a] case is properly dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Testan*, 424 U.S. 392, 399 (1976) (internal quotation marks and citation omitted). In other words, the United States enjoys sovereign immunity from suit except to the extent to which, and under the terms of which, it consents to be sued. *See De Tineo v. United States*, 137 F.3d 715, 719 (2d Cir.

---

[5] Plaintiff filed a letter responding to defendants' request for a pre-motion conference in anticipation of moving to dismiss on November 21, 2014, in which he stated that he filed two grievances with respect to his being forced to work excessively and without pay. (*See* Pl.'s Letter, ECF No. 44, at 1-2.) Plaintiff attached two form "Letters to Staff," both dated July 10, 2011, and addressed to defendants Gonzalez and Bolcavage, respectively, in support of this statement. (*See id.* at 1-2, Exs. A, A(1).) Plaintiff argued that these letters showed that he sought administrative remedies; plaintiff states that he could not exhaust those remedies "due to case manager being fired and walk of [sic] compound for unlawful act. I witness [sic] her crying slamming book in her office before Kim Strausser (Camp Admin) escorted her to authorities at the USP) [sic] all papers submitted was in her possession." (*Id*. at 2.) Plaintiff did not include any of these factual allegations in his complaint.

3

1998) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). For this reason, the FTCA "is the exclusive mode of recovery for the tort of a Government employee even when the FTCA itself precludes Government liability," 499 U.S. 160, 166 (1991). Furthermore, a district court's subject matter jurisdiction is contingent on the plaintiff's exhaustion of the FTCA's administrative remedies. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.") As the Second Circuit noted in *Keene Corp. v. United States*, "the requirement that a notice of claim be filed is jurisdictional and cannot be waived." 700 F.2d 836, 841 (2d Cir. 1983) (*citing House v. Mine Safety Appliances Co.,* 573 F.2d 609, 617 (9th Cir.), *cert. denied,* 439 U.S. 862 (1978)).

B. Standard of Review, Rule 12(b)(6)

When a court reviews a motion to dismiss for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6), it must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Cleveland v. Caplaw Enters.,* 448 F.3d 518, 521 (2d Cir. 2006); *Nechis v. Oxford Health Plans, Inc.*, 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662 (2009). The Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 1949 (internal citations omitted) (quoting and citing *Twombly*, 550 U.S. at 556-57).

Where, as here, the plaintiff is proceeding *pro se*, "[c]ourts are obliged to construe the [plaintiff's] pleadings . . . liberally." *McCluskey v. N.Y. State Unified Court Sys.*, No. 10-CV-2144 (JFB)(ETB), 2010 WL 2558624, at *8 (E.D.N.Y. June 17, 2010) (citing *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) and *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)). Nonetheless, even though the Court construes a *pro se* complaint liberally, the complaint must still "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*,

4

556 U.S. at 678); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Twombly* and *Iqbal* to *pro se* complaint).

The Court notes that in adjudicating this motion, it is appropriate to consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *In re Merrill Lynch & Co.*, 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003) (internal citations omitted), *aff'd in part and reversed in part on other grounds sub nom., Lentell v. Merrill Lynch & Co.*, 396 F.3d 161 (2d Cir. 2005), *cert. denied*, 546 U.S. 935 (2005); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)("[T]he district court . . . could have viewed [the documents] on the motion to dismiss because there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs' claim."); *Brodeur v. City of New York*, No. 04 Civ. 1859 (JG), 2005 U.S. Dist. LEXIS 10865, at *9-10 (E.D.N.Y. May 13, 2005) (court could consider documents within the public domain on a Rule 12(b)(6) motion to dismiss).

III. DISCUSSION

A. Subject-Matter Jurisdiction

Defendants argue that plaintiff's claim under *Bivens* against Unicor and the individual defendants in their official capacities must be dismissed because sovereign immunity bars suits against federal agencies and employees sued in their official capacities. The Court agrees.

"Sovereign immunity shields the United States, its agencies, *and* federal employees sued in their official capacities from constitutional tort claims." *Ibrahim v. United States*, 868 F. Supp. 2d 27, 30-31 (E.D.N.Y. 2012) (emphasis in original) (citing *Castro v. United States,* 34 F.3d 106, 110 (2d Cir.1994); *Perez v. Hawk,* 302 F. Supp. 2d 9, 18 (E.D.N.Y. 2004)). "It is well-settled that any lawsuit against an agent of the United States in [her] official capacity is an action against the sovereign itself," *Perez,* 302 F. Supp. 2d at 18 (citing *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)). "*Bivens* only authorizes suits for monetary damages against federal officials sued in their individual capacity." *Ibrahim*, 868 F. Supp. 2d at 31 (citations omitted).

Thus, to the extent that plaintiff alleges that the United States, any federal agency, or a federal employee in his official capacity committed a constitutional tort against plaintiff, such a claim is barred by sovereign immunity.

B. Failure to State a Claim Upon Which Relief Can be Granted

Defendants next argue that plaintiff has failed to adequately plead a plausible claim because: (1) plaintiff fails to plead that he exhausted his required administrative remedies under the FTCA before filing this action; (2) plaintiff fails to allege personal involvement in the purported *Bivens* and FTCA violations by most of the individual defendants; and (3) plaintiff's remaining claims are time-barred. The Court will address each argument in turn.

5

1. Exhaustion

The Supreme Court has clearly stated that the FTCA "provides that a tort claim against the United States 'shall be forever barred' unless it is presented to the 'appropriate Federal agency within two years after such claim accrues' and then brought to federal court 'within six months' after the agency acts on the claim." *Wong*, 135 S. Ct. at 1629 (quoting 28 U.S.C. § 2401(b)); *see also* 28 U.S.C. § 2675(a). "The administrative exhaustion requirement derives from a cardinal principle of law – that the United States, as sovereign, is immune from suits in the courts of law." *Mosseri v. F.D.I.C.*, Nos. 95 Civ. 723 (BJS), 97 Civ. 969 (BSJ), 1999 WL 694289, at *7 (S.D.N.Y. Sept. 8, 1999). Failure to comply with this requirement results in dismissal of the suit. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suits in federal court until they have exhausted their administrative remedies. Because petitioner has failed to heed that clear statutory command, the District Court properly dismissed his suit."); *see also Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) ("The FTCA requires that a claimant exhaust all administrative remedies before filing a complaint in district court."); *Adams by Adams v. United States Dep't of Housing and Urban Dev.*, 807 F.2d 318, 319-20 (2d Cir. 1986); *Willis v. United States*, 719 F.2d 608 (2d Cir. 1983); *Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir. 1983); *Rawlins v. M&T Mortgage Corps.,* No. 05 Civ. 2572 (RCC), 2005 WL 2143334, at *4 (S.D.N.Y. Sept. 1, 2005); *Harrison v. Lutheran Med. Ctr.*, No. 05 Civ. 2059 (CBA), 2005 WL 1801626, at *2-3 (E.D.N.Y. July 27, 2005); *Liebers v. St. Albans Med. Ctr.*, No. 99 Civ. 6534 (JG), 2000 WL 235717, at *1 (E.D.N.Y. Feb. 25, 2000); *Solomon v. United States*, 566 F. Supp. 1033, 1035 (E.D.N.Y. 1982). Additionally, the Supreme Court recently held that the FTCA's time bars "are nonjurisdictional and subject to equitable tolling." *Wong*, 135 S. Ct. at 1638. A party, therefore, may avoid having a suit barred under the exhaustion requirement of the FTCA for failing to file a timely administrative claim if he "'pursued his rights diligently but some extraordinary circumstance' prevents him from meeting a deadline." *Id.* at 1631 (quoting *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1231-32 (2014)).

Here, there is nothing in the complaint to suggest that the plaintiff exhausted his administrative remedies under the FTCA. Plaintiff's only allegation with respect to any prior complaints he may have made with respect to the violations alleged in this complaint are that he filed a "Petition to middle district court and circuit and [sic] has evaded/ignored the matter at hand." (Compl. at 5.) Plaintiff here appears to be referring to the petition for a writ of *habeas corpus* that he filed in the U.S. District Court for the Middle District of Pennsylvania, the denial of which was later affirmed by the Third Circuit. *See Bastien v. Holt*, 455 F. App'x 144, 145 (3d Cir. 2011) (affirming the judgment of the district court dismissing Bastien's petition under 28 U.S.C. § 2255). Plaintiff's *habeas* petition does not appear to relate to the allegations in this complaint, but in any event, plaintiff's complaint here is entirely devoid of any allegations that he presented his claims to the appropriate federal agency within two years, and plaintiff does not plead that there were any extenuating circumstances justifying his failure to comply with this prerequisite. Therefore, the Court agrees that plaintiff's claim under the FTCA against all defendants must be dismissed pursuant to Rule 12(b)(6) for failure to exhaust his administrative

remedies.[6] *Sherman-Amin-Braddox:Bey v. McNeil*, No. 10-CV-5340 (ARR)(JMA), 2011 WL 795855, at *2 (E.D.N.Y. Feb. 25, 2011) ("Plaintiff bears the burden of pleading compliance with the FTCA's exhaustion requirement.") (citing *In re "Agent Orange" Product Liability Litigation*, 818 F.2d 210, 214 (2d Cir. 1987)).

As discussed above, in his November 21, 2014 letter, plaintiff makes a number of statements as to two grievances he allegedly filed with respect to his being forced to work excessively and without pay, and that he was unable to pursue his administrative remedies because a prison official who was in possession of those complaints was fired. (*See* Pl.'s Letter, ECF No. 44, at 1-2. Exs. 1, 1(A).) None of these allegations (or the attached documents) were contained in plaintiff's complaint. However, even assuming *arguendo* that these facts had been properly alleged in the complaint and the two "Inmate Request to Staff" forms had been attached, plaintiff would still not have satisfied the FTCA exhaustion requirement. The law is clear that the "Inmate Request to Staff" forms submitted by plaintiff, commonly known as "cop out" forms, are informal requests to prison staff to resolve disputes, and are only the first step in the clearly established multi-level system within the Bureau of Prisons Administrative Remedy Program. *See, e.g.*, *Baez v. Parks*, No. 02 CIV 5821 (PKC)(DF), 2004 WL 1052779, at *4-5 (S.D.N.Y. May 11, 2004) ("Baez contends, and the Moving Defendants do not dispute, that he has submitted 'many copouts' to the MCC personnel regarding his allegedly inadequate medical care. . . . This informal attempt to resolve the dispute, however, would, at best, satisfy only the first step of the Administrative Remedy Program for federal prisoners."); *Gay v. Terrell*, No. 12-CV-02925 (CBA)(VMS), 2013 WL 5437045, at *16 (E.D.N.Y. Sept. 27, 2013). Therefore, even accepting the statements made in plaintiff's letter to be true, his FTCA claim must still be dismissed for failure to exhaust his administrative remedies.[7]

---

[6] The Court notes that defendants also move to dismiss plaintiff's *Bivens* claim for plaintiff's similarly failing to satisfy the exhaustion requirements of the PLRA. The PLRA states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.' Prisoners must utilize the state's grievance procedures, regardless of whether the relief sought is offered through those procedures." *Espinal v. Goord,* 558 F.3d 119, 124 (2d Cir. 2009) (quoting *Porter v. Nussle,* 534 U.S. 516, 532 (2002) (citations omitted)). The exhaustion requirement of the PLRA requirement "applies to all prison suits, whether they concern ongoing prison conditions or individual episodes that have already occurred, and applies equally to *Bivens* claims." *Williams v. Metro. Det. Ctr.*, 418 F. Supp. 2d 96, 100 (E.D.N.Y. 2005) (citations omitted). The Court need not reach that issue now, because plaintiff's *Bivens* claims are dismissed on other grounds.

[7] The Court notes that defendants address plaintiff's November 21, 2014 letter in sworn declarations attached to their motion to dismiss, stating that the Inmate Request to Staff forms submitted by plaintiff do not satisfy the requirement for requests for administrative review under the FTCA. (FiggsGanter Decl., ECF No. 48-3, ¶¶ 5-9.) Defendants further aver that plaintiff was apprised of the proper procedure to seek administrative remedies—signing a form to that effect during orientation at FPC Canaan—and that a search of the Bureau of Prisons' records system shows that plaintiff did not file any proper administrative remedy requests with respect to the purported violations in his complaint. (*Id.* ¶¶ 5-6.)

2. Individual Involvement

Defendants next argue that the claims against defendants Samuels, Holt, Strausser, Gonzalez, and Bolcavage in their individual capacities under *Bivens* must be dismissed because plaintiff's complaint does not allege those defendants' personal involvement in any violation of the plaintiff's constitutional rights.

The Court agrees that none of the factual allegations against any of these defendants, even when accepted as true and all reasonable inferences drawn in favor of plaintiff, could plausibly support a constitutional claim under *Bivens*. To state a claim under *Bivens*, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Defendant Samuels, the Director of the Federal Bureau of Prisons, appears only in the case caption, and nowhere in the complaint is it alleged that Samuels was personally involved in any aspect of the plaintiff's incarceration. Defendants Holt (the warden of FPC Canaan at the time of plaintiff's incarceration), Strausser (FPC Canaan's administrator), Gonzalez (defendant's "case manager"), and Bolcavage (an FPC Canaan counselor) are all alleged to have been generally aware of plaintiff's allegedly being forced to work against his will and without payment.[8] (Compl. at 3-4.) Holt is further alleged to have "[failed to hire an] outside professional to help disinfect [the salmonella from the USP] dining hall" (Compl. at 3-4), and Strausser is alleged to have failed to formally investigate the cause of inmate sickness at USP Canaan following a purported salmonella outbreak. (*See id.* at 4-5.) Nowhere does plaintiff clearly allege that he himself became ill from the purported salmonella outbreak or that he suffered any injury from being forced to work, only that he and others were "put in harm's way" of illness, that he was forced to work in the kitchen to clean up the bacteria, and that the work was tiring. (*Id.*) Inmates do not have a general constitutional right to refuse to work simply because the work is strenuous or otherwise disagreeable to them, and plaintiff's allegations with respect to his being "treated cruelly and overworked as in a slave plantation" do not state a cognizable constitutional claim. *See, e.g.*, *Wolters v. Fed. Bureau of Prisons*, 352 F. App'x 926, 928 (5th Cir. 2009) ("[I]nmates do not have a constitutional right to refuse to work. . . . Wolters's assertion that he was forced to work through the use of 'gangbanger' threats remains too vague to establish that he is being subjected to 'slavery' or 'involuntary servitude.'") (citations omitted); *Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir. 1963) ("There is no federally protected right of a state prisoner not to work while imprisoned after conviction."); *see also Abdul-Matiyn v. Coughlin*, No. 94 CIV. 5649 (SAS), 1996 WL 1089984, at *7 (S.D.N.Y. Nov. 8, 1996) *report accepted*, No. 94 CIV. 5649 SAS, 1997 WL 40939 (S.D.N.Y. Jan. 31, 1997) (prisoner alleging that he was forced to do "strenuous work" by prison officials cannot state a constitutional claim under the Thirteenth Amendment) (citations omitted).

---

[8] Plaintiff at one point incomprehensibly alleges that he "followed forced and threaten orders by Ms. Kim Straesser, Mrs. Gonzalez, Mr. Bender, Mr. Bolcavage, and Mr. Ronnie Holt-Warden (Bastien was not paid)." (Compl. at 4.) Plaintiff does not provide any further detail, and elsewhere in the complaint Bastien states that "former Counselor Art Roberts" (who is not named as a defendant in this case) was the individual who made threats in order to force plaintiff and other inmates to work, and that defendants were merely "aware" of those threats. (*Id.* at 2-3.) Therefore, the Court interprets plaintiff to state this claim under a "failure to intervene" theory, based on his allegations that these defendants were aware he was being forced to work unwillingly.

For these reasons, even accepting the allegations as true and drawing all inferences in the plaintiff's favor, plaintiff's allegations as to these defendants' purported acts and omissions do not allege defendants' personal involvement in any cognizable constitutional injury to plaintiff. Therefore, the *Bivens* claim against Samuels, Holt, Strausser, Gonzalez, and Bolcavage is dismissed.

3. Statute of Limitations

Plaintiff's remaining *Bivens* claim is against defendant Bender for his alleged assault of plaintiff. Defendants argue that this claim is time-barred. As set forth below, the Court agrees.

The Court looks to applicable state law in assessing whether a *Bivens* claim's statute of limitations has expired, "because Congress has not created a statute of limitations for *Bivens* actions." *Chin v. Bowen*, 833 F.2d 21 (2d Cir. 1987). In this case, it is irrelevant whether New York or Pennsylvania state law applies, because in both states the plaintiff's claim against Bender is time-barred. Plaintiff alleges that the assault occurred sometime in October 2010. (Compl. at 2.) Therefore, his claim against Bender accrued at that time. Plaintiff filed his complaint on March 6, 2014, approximately three years and six months later. Federal courts in New York, looking to New York law, apply a three-year statute of limitations period to *Bivens* claims. *Chin*, 833 F.2d at 23-24. The statute of limitations if Pennsylvania law were applied is even shorter, only two years. *See Millbrook v. United States*, 8 F. Supp. 3d 601, 610 (M.D. Pa. 2014) (citing 42 Pa. Cons. Stat. Ann. § 5524(7) (Purdon Supp. 1996)). For that reason, plaintiff's *Bivens* claim against Bender in his individual capacity must be dismissed as well because it was filed more than three years after it accrued, and is therefore time-barred.[9]

IV. LEAVE TO AMEND

Although plaintiff has not requested leave to amend his complaint, the Court has considered whether he should be afforded an opportunity to amend his complaint. The Second Circuit instructs that a district court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotation omitted). Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).

Though mindful of the plaintiff's *pro se* status, the Court finds that any attempt to amend the complaint would be futile. Here, the deficiencies in plaintiff's FTCA claim against all defendants and his *Bivens* claim against Bender and Unicor are substantive in nature and, as such, cannot be remedied by amendment. Furthermore, with respect to plaintiff's *Bivens* claim against the other defendants, there is no indication in the complaint that plaintiff was suing these individuals for anything other than their

---

[9] Plaintiff does not raise the issue of equitable tolling, and the Court does not see any basis to toll the statute of limitations based on the complaint.

supervisory roles at FPC Canaan, rather than their individual involvement in a constitutional violation. Finally, plaintiff has not requested an opportunity to replead, failed to file an opposition to the motion to dismiss, and did not respond to the letters sent to him regarding the pending motion. Accordingly, the Court declines to grant plaintiff leave to file an amended complaint. *See, e.g.*, *Ackerman v. Doyle*, 43 F. Supp. 2d 265, 275 (E.D.N.Y. 1999) ("[T]he Court is unable to discern a viable cause of action from the complaint, and the plaintiff did not request leave to replead. The Court declines to *sua sponte* afford the plaintiff leave to amend on the ground of futility. In the Court's view, granting leave to amend would be unproductive and dismissal with prejudice is appropriate.").

## V. CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to dismiss with prejudice. Leave to amend the complaint is denied. The Clerk of the Court shall enter judgment accordingly and close the case. Court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that any appeal from this order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: August 21, 2015
Central Islip, NY

\*\*\*

Plaintiff proceeds *pro se*. Defendants are represented by James Knapp, U.S. Attorney's Office for the Eastern District of New York, 610 Federal Plaza, Central Islip, NY 11722.